UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: ) Chapter 13
)
JAMES FORD and ) Case No. 06-11097
NANCY FORD, )
) Judge Arthur I. Harris
Debtors. )

MEMORANDUM OF OPINION

This Chapter 13 case is currently before the Court on a disputed question of law that the Court must resolve in order to determine whether the debtors' proposed Chapter 13 plan can be confirmed. The question before the Court is: Can the debtors include an additional $200 expense per vehicle for older/higher mileage vehicles as part of the IRS Local Standards for transportation in calculating the means test under 11 U.S.C. § 707(b)(2) and in determining their disposable income under 11 U.S.C. § 1325(b)(2)? For the reasons that follow, the Court answers this question in the negative.

BACKGROUND

Debtors filed their joint Chapter 13 petition on April 5, 2006. The debtors' schedules list two automobiles that are owned outright: a 1994 Pontiac Transport and a 1999 Subaru Outback. The debtors' original Form B 22C test listed IRS Transportation Standards, Operating Costs of $362, plus IRS Transportation Standards, Ownership Costs of $471 for the first car and $332 for the second car

(Docket #1 at 11 of 34). Just prior to the June 22, 2006, confirmation hearing, the debtors filed an amended Form B22C (means test) that indicated the debtors would have $390.64 in monthly disposable income to pay towards their Chapter 13 plan. The amended means test lists no ownership expense for their two vehicles but claims $762 in operating expense for two vehicles -- the $362 listed in local standards for transportation operating costs in Cleveland, plus an additional $200 for each vehicle. The trustee challenges the additional $400. Confirmation was adjourned to July 13, 2006, and then was taken under advisement for the Court to determine whether the debtors had properly taken the $762 expense.

## DISCUSSION

*Can Debtors Include the Additional $200 Expense for Older/Higher-Mileage Vehicles in Determining Their "Disposable Income" under Sections 1325(b)(2) and 707(b)(2)?*

Under 11 U.S.C. § 1325(b)(1) & (2), if the trustee objects, a Chapter 13 plan must pay all "disposable income" during the "applicable commitment period," and disposable income is defined as current monthly income less "amounts reasonably necessary to be expended." In the present case, there is apparently no dispute that debtors' "current monthly income," when multiplied by 12, exceeds the median family income in Ohio for household of two individuals. Therefore, pursuant to

2

11 U.S.C. § 1325(b)(3), the "[a]mounts reasonably necessary to be expended" in calculating their "disposable income" under 11 U.S.C. § 1325(b)(2) "shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)."

> Pursuant to 11 U.S.C. § 707(b)(2)(A)(ii)(I), the debtors monthly expenses
>> shall be the debtor[s'] applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor[s'] actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the areas in which the debtor resides, as in effect on the date of the order for relief....

The IRS Local Standards for transportation contain two categories: (1) operation/public transportation expenses, and (2) ownership/lease expenses. These are reflected on Lines 27 and 28-29 of Official Form B 22C. The operating costs are broken down by Census Region and Metropolitan Statistical Area (MSA) and were derived from data from the Bureau of Labor Statistics (BLS). Operating costs include: insurance, registration fees, normal maintenance, fuel, parking, and tolls. *See* IRM 5.15.1.9.[1] On September 1, 2005, the IRS changed the Internal Revenue Manual "to include the $200 allowance for those taxpayers owning a vehicle with no loan/lease that is over six years old and/or has reported mileage of 75,000 or more." IRM Manual Transmittal 5.8.5 (Sept. 1, 2005). *See* IRM 5.8.5.5.2. The question for the Court, therefore, is – Can the debtors' take

---

[1] The current version of the Internal Revenue Manual is available as of July 25, 2006, at the IRS website www.irs.gov/irm/index.html.

06-11097-aih    Doc 18    FILED 07/26/06    ENTERED 07/27/06 08:38:40    Page 3 of 7

this additional $200 per vehicle deduction as part of the IRS Local Standards for transportation in calculating the means test under section 707(b)(2) and in determining their disposable income under section 1325(b)(2)?

The Court concludes that the debtors cannot take this additional $200 per vehicle deduction. The Court's analysis hinges primarily upon whether this additional deduction is a part of the "Local Standards" promulgated by the IRS and incorporated by reference into 11 U.S.C. § 707(b)(2)(A)(ii), or whether it is simply a separate adjustment that the Internal Revenue Manual permits notwithstanding the "Local Standards" promulgated for transportation expenses. For several reasons, the Court concludes that this additional deduction is a separate adjustment, not incorporated into the definition of "Local Standards" and therefore has no application to the means test contained in section 707(b)(2)(A) of the Bankruptcy Code.

First, the Internal Revenue Manual does not include this adjustment as part of the Local Standards for transportation expenses. Rather, the Local Standards are those area specific numbers posted on the IRS website, which makes no mention of this additional deduction. Second, the additional $200 deduction is mentioned in the context of calculating ownership expenses for purposes of IRS collection activities. "Taxpayers will be allowed the local standard or the amount

4

actually paid, *whichever is less.*" IRM 5.8.5.5.2 (emphasis in original). For a taxpayer who owns a vehicle outright and therefore has no ownership expense under the IRS formula *which treats the "local standards" as caps*, "the complete disallowance of the ownership expense may result in a transportation expense allowance that does not adequately meet the necessary expenses of the taxpayer." *Id.*

On the other hand, for purposes of the means test calculation under 11 U.S.C. § 707(b)(2)(A), *the "local standards" are not caps*. Rather, the local standards are the actual deductions allowed under this provision of the Bankruptcy Code. The Advisory Committee Note to Forms 22A, 22B, and 22C is instructive:

> The IRS Local Standards provide one set of deductions for housing and utilities and another set for transportation expenses, with different amounts for different areas of the country, depending on the size of the debtor's family and the number of the debtor's vehicles. Each of the amounts specified in the Local Standards are treated by the IRS as a cap on actual expenses, but because § 707(b)(2)(A)(ii) provides for deductions in the "amounts specified under the . . . Local Standards," the forms treat these amounts as allowed deductions. The forms again direct debtors to the website of the U.S. Trustee Program to obtain the appropriate allowances.

This Advisory Committee Note supports the plain meaning of Section 707(b)(2)(A)(ii) – *i.e.*, that the IRS Local Standards are the proper amounts to be inserted into Forms 22A, 22B, and 22C even if, for IRS internal purposes, a taxpayer would be limited to actual expenses. *Accord* E. Wedoff,

5

*Means Testing in the New § 707(b)*, 79 Am. Bankr. L.J. 231, 256 (2005) ("[A] plain reading of the statute would allow a deduction of the amounts listed in the Local Standards even where the debtor's actual expenses are less."). *See also In re Hardacre*, 338 B.R. 718, 727 (Bankr. N.D. Tex. 2006) ("The effect of section 707(b)(2)(A)(ii)(I) is to permit the debtor to deduct the greater of her actual mortgage and car ownership payments or the amounts provided in the Local Standards.").

Accordingly, the Court concludes that this additional deduction for older or higher mileage vehicles is a separate adjustment, not incorporated into the definition of "Local Standards" and therefore has no application to the means test contained in section 707(b)(2)(A) of the Bankruptcy Code.[2] Therefore, the Court will not allow the debtors to claim this additional expense of $200 per vehicle. On the other hand, the Court sees no reason why the debtors could not amend their Form B22C to claim the IRS local standards for transportation ownership for their two vehicles, as provided under 11 U.S.C. § 707(b)(2)(A)(ii) and the advisory

---

[2] *But see In re McGuire*, 342 B.R. 608, 612 n.11 (Bankr. W.D. Mo. 2006) (indicating that the Chapter 13 trustee conceded extra $200 pursuant to IRM 5.8.5.5.2). The Court further notes that, in at least in one case in this district, the United States Trustee has taken the position that this additional deduction may be allowed. *See In re Funkhouser*, Case # 05-76889 (Docket #17 at 3-4) (this filing was subsequently withdrawn).

6

06-11097-aih   Doc 18   FILED 07/26/06   ENTERED 07/27/06 08:38:40   Page 6 of 7

committee notes to Form B22C. For example, the Advisory Committee Note to Forms 22A, 22B, and 22C indicates: "The ownership lease component [of the Local Standards for transportation] may involve debt payment." The use of the word "*may*" implies that, for some debtors, the ownership lease component *may not* involve debt payment. *Accord* Wedoff, 79 Am. Bankr. L.J. at 256 & n.62. *But see In re Hardacre*, 338 B.R. at 728 (disallowing Local Standard for transportation ownership deduction for second vehicle that Chapter 13 debtor owned outright because Internal Revenue Manual only allows a taxpayer a transportation ownership deduction for automobiles subject to lease or purchase).

## CONCLUSION

For the foregoing reasons, the Court concludes that the debtors cannot include an additional $200 expense per vehicle for older/higher mileage vehicles as part of the IRS Local Standards for transportation in calculating the means test under section 707(b)(2) and in determining their disposable income under section 1325(b)(2)

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge